IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **AERITAS, LLC,**<br>　　　　　　　**Plaintiff,**<br><br>　　　　*v.*<br><br>**DARDEN CORPORATION and**<br>**OLIVE GARDEN OF TEXAS LLC,**<br>　　　　　　　**Defendants.** | 6:20-cv-00938-ADA |

### [CORRECTED] MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND MOOTING-IN-PART DEFENDANT DARDEN CORPORATION'S RENEWED MOTION TO DISMISS FOR IMPROPER VENUE AND FOR MORE DEFINITE STATEMENT [ECF No. 26]

Came on for consideration this date is Defendant Darden Corporation's Renewed Motion to Dismiss for Improper Venue, and For More Definite Statement (the "Motion"), filed March 31, 2021. ECF No. 26. Plaintiff Aeritas, LLC ("Aeritas") filed a response on April 14, 2021, ECF No. 28, to which Defendant Darden Corporation ("Darden") replied on April 28, 2021, ECF No. 31. Darden Corporation, Darden Restaurants, Inc., and Olive Garden of Texas, LLC (collectively "Defendants") filed a notice of supplemental authority on August 3, 2021, ECF No. 38 (citing *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, No. 2020-2009, 2021 U.S. App. LEXIS 22871 (Fed. Cir. Aug. 3, 2021)), to which Aeritas responded on August 18, 2021, ECF No. 39. After careful consideration of the Motion, the parties' briefs, and the applicable law, the Court **GRANTS** Defendant Darden Corporation's Renewed Motion to Dismiss for Improper Venue, which **MOOTS** Defendant Darden Corporation's Renewed Motion for More Definite Statement.

### I. BACKGROUND

Aeritas initiated the present action for patent infringement against Darden Restaurants, Inc. on October 9, 2020. ECF No. 1. On December 18, 2020, Aeritas filed its First Amended Complaint, naming Darden Corporation and Olive Garden of Texas LLC as defendants. ECF No. 11. On

March 17, 2021, Aeritas filed its Second Amended Complaint ("SAC"). ECF No. 24. In the SAC, Aeritas alleged that Darden Corporation and Olive Garden of Texas LLC have entered into and formed a joint enterprise. ECF No. 24 ¶¶ 5–12. Aeritas further that alleged that Darden Corporation and Olive Garden of Texas LLC, acting together in their join enterprise, have infringed, and continue to infringe four patents by making and using the accused Olive Garden App, and encouraging others to use the accused Olive Garden App to practice the claims of the patents-in-suit. On March 31, 2021, Darden filed the present motion to dismiss, or alternatively, motion for a more definite statement. ECF No. 26.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). Section 1400(b) of title 28 of the United States Code "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks omitted). A claim for patent infringement must be brought "in the judicial district where the defendant resides," or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 U.S. Dist. LEXIS 108167, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

It has been held "as a matter of Federal Circuit law" that the plaintiff bears the burden of establishing proper venue in a patent case. *Id.* at 1013. The plaintiff need only make a *prima facie* showing to establish venue if the court does not hold an evidentiary hearing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob.*

2

*Holdings, Inc.*, No. 6:13-cv-459, 2014 U.S. Dist. LEXIS 28679, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009)). Yet a plaintiff may not simply rely on legally conclusory statements to survive a motion to dismiss. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). In determining whether venue is proper, "the [C]ourt is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco*, 570 F.3d at 238 (quotations omitted). If venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3).

### III. ANALYSIS

Aeritas has fallen well short of making a *prima facie* showing that venue is proper. A claim for patent infringement must be brought "in the judicial district where the defendant resides," or "where the defendant has committed acts of infringement and has a regular and established place of business." § 1400(b). Aeritas does not argue that Darden resides in the Western District of Texas. Rather, the SAC recognizes that Darden is incorporated in Delaware and based in Florida. ECF No. 24 ¶ 3.

Instead, Aeritas argues that Darden has committed acts of infringement and has a regular and established place of business in the Western District of Texas. Aeritas has seemingly alleged that Darden itself or through its agents committed acts of infringement in this district. ECF No. 21 ¶¶ 21–22. It further alleges that a joint enterprise Darden entered with Olive Garden of Texas maintains a regular and established place of business in this district. *Id.* And more specifically, Darden *and* the joint enterprise use Olive Garden restaurants in this district as regular and established places of business. *See* ECF No. 24 ¶ 18; ECF No. 28 at 5.

In Aeritas's judgment, its allegations establish a *prima facie* case of proper venue because the Court must accept all of Aeritas's allegations as true, ECF No. 28 at 5; and Darden has not "denied or refuted" (a) the existence of the alleged joint enterprise, *id.* at 6; (b) that the business activities of Olive Garden restaurants are attributable to Darden, *id.*; and (c) that the "Olive Garden restaurants in [this District] can be considered a place of Darden," *id.* (citing *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017)).

The Court is not convinced. Aeritas's venue argument rests on a joint-enterprise theory. Through it, Aeritas posits that Darden commits acts of infringement via nondescript "agents," ECF No. 24 ¶¶ 21–22, and uses Olive Garden restaurants as regular and established places of business, *id.* ¶¶ 18, 22. Yet Aeritas supports its joint-enterprise theory with only thirteen paragraphs of allegations made "on information and belief." ECF No. 24 ¶¶ 6–18. The Court finds this insufficient. While the Court must accept as true all allegations in the complaint, *Mayfield*, 2014 U.S. Dist. LEXIS 28679, 2014 WL 978685, at *1, a plaintiff may not simply rely on legally conclusory statements to survive a motion to dismiss, *Panda Brandywine*, 253 F.3d at 868; *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (holding that courts need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions).

Paragraphs 6 through 11 of the SAC merely allege on information and belief that Darden and Olive Garden satisfy the elements of a joint enterprise. *Compare* ECF No. 24 ¶¶ 7–10, *with Akamai Techs., Inv. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015), *St. Joseph Hospital v. Wolff*, 94 S.W.3D 513, 530–531 (Tex. 2002), *Shoemaker v. Estate of Whistler*, 513 S.W.2d 10, 14–17 (Tex. 1974), *and* Restatement (Second) of Torts § 491 cmt. c. The remaining nine paragraphs allege on information and belief that the joint enterprise is described and exhibited on olivegard.com, ECF No. 24 ¶ 12, and operates in this district, *id.* ¶ 13; and that Darden and

4

Olive Garden actions are attributable to one another (which is purportedly the legal result of a joint enterprise), *id.* ¶¶ 14–18. At no point does the SAC recite facts supporting Aeritas's allegations made on information and belief. Rather, these allegations made on information and belief are legal conclusions disguised as factual allegations. Accordingly, the Court need not consider them. Darden's failure to rebut these conclusory allegations is of no moment. *Panda Brandywine*, 253 F.3d at ("[T]he *prima-facie*-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."). Absent any creditable allegations, or any other evidence substantiating Aeritas's joint-enterprise theory, Aeritas fails to surmount its burden of showing that venue is proper.[1] *Cf. Moomey v. Portable on Demand Storage*, No. 4:20-CV-436-A, 2020 U.S. Dist. LEXIS 123333, at *7 (N.D. Tex. July 13, 2020) (finding that plaintiff failed to plead a joint-enterprise claim only supported by conclusory allegations); *Festor v. Wolf*, No. SA-09-CA-0054-XR, 2009 U.S. Dist. LEXIS 140011, at *6-7 (W.D. Tex. Oct. 8, 2009) (finding that plaintiff's agency theory of personal jurisdiction failed where there were no factual allegations supporting such a legal conclusion); *Dykes v. Maverick Motion Picture Grp.*, No. 08-536-JJB-CN, 2011 U.S. Dist. LEXIS 171078, at *3-4 (M.D. La. Apr. 6, 2011) (finding that plaintiff's single conclusory allegation was insufficient to establish an alter-ego theory).

The Court need not reach the legal question of whether a joint-enterprise theory can be used to find that one member of a joint enterprise maintains a regular and established place of business in a district so long as the joint enterprise does or other members of the joint enterprise

---

[1] To the extent Aeritas argues that Darden, independent of any joint enterprise, has committed acts of infringement and maintained a regular and established place of business in this district, the Court finds that Aeritas has alleged *no* facts and presented no evidence in support of that argument.

do. Nor must the Court reach the question of whether Aeritas must provide a more definite statement as to its infringement theory as outlined in the SAC.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant Darden Corporation's Renewed Motion to Dismiss for Improper Venue is **GRANTED**, and Defendant Darden Corporation's Renewed Motion for More Definite Statement is **MOOTED**.

SIGNED this 18th day of October, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE